UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1-10-CR-132-CLC-SKL |
| v. ) | |
| ) | |
| BRIAN SCOTT HALL ) | |
| ) | |

## MEMORANDUM AND ORDER

BRIAN SCOTT HALL ("Supervised Releasee") appeared for a hearing before the undersigned on July 27 and August 3, 2015, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for a Warrant or Summons for an Offender Under Supervision ("Petition"). Those present for the hearing included:

(1) An Assistant United States Attorney for the Government;
(2) Supervised Releasee; and
(3) An Attorney with Federal Defender Services of Eastern Tennessee ("FDS") for the Supervised Releasee.

After being sworn in due form of law, Supervised Releasee was informed or reminded of his privilege against self-incrimination accorded him under the Fifth Amendment to the United States Constitution. It was determined that Supervised Releasee wished to be represented by an attorney and he qualified for appointed counsel. FDS was appointed to represent Supervised Releasee. It was also determined that Supervised Releasee had been provided with and reviewed with counsel a copy of the Petition.

The Government moved that Supervised Releasee be detained without bail pending his revocation hearing before U.S. District Judge Curtis L. Collier. Supervised Releasee requested both a preliminary hearing and a detention hearing, which were held.

### Preliminary Examination and Detention Hearing Proof

AUSA Terra Bay called U.S. Probation Officer Crystal Johnson as a witness to testify about the factual allegations set forth in the Petition. Attorney Marsa cross-examined the government's witnesses and made a proffer. Both parties presented their respective arguments, which were fully considered by the Court. At the conclusion of the July 27, 2015 hearing, the Court found probable cause to believe Supervised Releasee had committed a violation of the conditions of his supervised release. The Court continued the detention hearing at the request of counsel for Supervised Releasee. On August 3, 2015, additional evidence and argument was presented to the Court.

<u>Findings</u>

(1) Based upon the evidence, which was consistent with the facts set forth in the Petition, the undersigned finds there is probable cause to believe Supervised Releasee has committed a violation of his conditions of his supervised release.

(2) The Supervised Release has carried his burden of demonstrating that, if released, he would not pose a risk of non-appearance or a danger to another person or to the community under Fed. R. Crim. P. 32.1(a)(6). Upon consideration of all of the factors set forth in 18 U.S.C. §§ 3142(g) and 3142(f)(2)(B), there are conditions which will reasonably assure the appearance of the Supervised Releasee and the safety of the community.

<u>Conclusions</u>

It is **ORDERED**:

(1) Supervised Releasee shall appear for a revocation hearing before U.S. District Judge Collier **on Thursday, August 27, 2015 at 2:00 p.m. [EASTERN]**.

(2) The Government's motion that the Supervised Releasee be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Collier is **DENIED**. The Supervised Releasee is released on previously imposed conditions of supervision as set out in the Judgment in a Criminal Case for Revocation [Doc. 41]. In addition, Supervised Releasee was given instructions for reporting to the Probation Office, which he must comply with in all respects.

SO ORDERED.

ENTER:

                                              s/ *Susan K. Lee*
                                              SUSAN K. LEE
                                              UNITED STATES MAGISTRATE JUDGE